# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MARK BROWN
# 53540-018

v.                                            CASE NO.  8:13-cv-1839-T-26AEP

UNITED STATES OF AMERICA
_____/


# **O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of the procedural history of

this case, as well as the procedural history of Movant's underlying criminal case, case

number 8:11-cr- 238, it is **ORDERED AND ADJUDGED** that Movant's Motion for

Restoration of Appellate Rights Pursuant to F. R. Civ. P. Rule 60(b)(6) (Dkt. 38) is

**denied** for lack of subject matter jurisdiction because it is in reality a successive Motion

to Vacate filed under 28 U.S.C. § 2255 which was filed directly with this Court without

first obtaining the permission of the Eleventh Circuit Court of Appeals.  See Farris v.

United States, 333 F. 3d 1211, 1216 (11ᵗʰ Cir. 2003).[1]  In his motion, Movant seeks to add

a new claim for relief from his judgment of conviction – ineffectiveness of appellate

_____

[1]  Movant's first § 2255 motion to vacate filed at docket 1 was denied by this Court at
docket 14 with the Eleventh Circuit denying him a certificate of appealability at docket 24.
Additionally, Movant previously filed a motion for relief under Rule 60(b)(6) at docket 25 which
this Court denied at docket 26.  The Eleventh Circuit later denied him a certificate of
appealability at docket 36.

counsel on his direct appeal in his criminal case. Consequently, because of that fact, his motion is deemed a successive § 2255 motion. See Wilborn v. United States, 666 F. App'x 809, 810 (11th Cir. 2016) (unpublished). Finally, Movant's Motion to Proceed *In Forma Pauperis* (Dkt. 39) is **denied**.

      **DONE AND ORDERED** at Tampa, Florida, on January 3, 2018.


                 *s/Richard A. Lazzara*
                **RICHARD A. LAZZARA**
                **UNITED STATES DISTRICT JUDGE**


<u>COPIES FURNISHED TO</u>:
Counsel of Record
Plaintiff, *pro se*